UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | | |
|---|---|---|---|
| TONYA WALLACE, Individually and On Behalf of All Others Similarly Situated, | § § § § | | |
| Plaintiff, | § § § | | |
| v. | § § | | |
| CANTEX CONTINUING CARE NETWORK, LLC; ALVIN HEALTH CARE CENTER LTD. CO. d/b/a LAUREL COURT; SORRENTO CONTINUING CARE CENTER LTD. CO. d/b/a SORRENTO; WESTOVER CONTINUING CARE CENTER LTD. CO. d/b/a WINDEMERE AT WESTOVER HILLS; LIVINGSTON HEALTH CARE CENTER LTD. CO. d/b/a THE BRADFORD AT BROOKSIDE; FORT BEND CONTINUING CARE CENTER LTD. CO. d/b/a FORT BEND HEALTHCARE CENTER; BELMONT CARE CENTER LTD. CO. d/b/a THE BELMONT AT TWIN CREEKS; DENISON HEALTH CARE CENTER LTD. CO. d/b/a BEACON HILL; BEL AIR CONTINUING CARE CENTER LTD. CO. d/b/a BEL AIR AT TERAVISTA; BROADMOOR CONTINUING CARE CENTER LTD. CO. d/b/a THE BROADMOOR AT CREEKSIDE PARK; CORONADO CONTINUING CARE CENTER LTD. CO. d/b/a CORONADO AT STONE OAK; HOLLYMEAD | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | No._____ <br><br> JURY TRIAL DEMANDED | |

CONTINUING CARE CENTER §
LTD. CO. d/b/a HOLLYMEAD; §
CARLYLE HEALTH CARE §
CENTER LTD. CO. d/b/a THE §
CARLYLE AT STONEBRIDGE §
PARK; STONELEIGH HEALTH §
CARE CENTER LTD. CO. d/b/a §
LARKSPUR; COLONNADES §
HEALTH CARE CENTER LTD. §
CO. d/b/a THE COLONNADES AT §
REFLECTION BAY; WOODVILLE §
HEALTH CARE CENTER LTD. §
CO. d/b/a WOODVILLE HEALTH §
AND REHABILITATION §
CENTER; GAINESVILLE §
HEALTH CARE CENTER LTD. §
CO. d/b/a RENAISSANCE CARE §
CENTER; MATHIS HEALTH §
CARE CENTER LTD. CO. d/b/a §
PALMA REAL; SEAGO HEALTH §
CARE CENTER LTD. CO. d/b/a §
THE MANOR AT SEAGOVILLE; §
ASHFORD HEALTH CARE §
CENTER LTD. CO. d/b/a §
ASHFORD GARDENS; §
OAKWOOD HEALTH CARE §
CENTER LTD. CO. d/b/a §
OAKWOOD MANOR NURSING §
HOME; VILLA HEALTH CARE §
CENTER LTD. CO. d/b/a THE §
VILLA AT MOUNTAIN VIEW; §
SILSBEE HEALTH CARE §
CENTER LTD. CO. d/b/a SILSBEE §
CONVALESCENT CENTER; §
WINDSOR PLACE HEALTH §
CARE CENTER LTD. CO. d/b/a §
WINDSOR GARDENS; §
CARROLLTON HEALTH CARE §
CENTER LTD. CO. d/b/a THE §
MADISON ON MARSH; §
CRESTHAVEN HEALTH CARE §
CENTER LTD. CO. d/b/a §
MAGNOLIA MANOR; FW §

SENIOR COMMUNITY LTD. CO.                §
d/b/a THE HARRISON AT                      §
HERITAGE; CRESCENT                        §
CONTINUING CARE CENTER             §
LTD. CO. d/b/a THE CRESCENT;         §
SOLERA TRANSITIONAL                    §
HEALTH CARE LTD. CO. d/b/a          §
SOLERA AT WEST HOUSTON;          §
SR SENIOR COMMUNITY LTD.         §
CO. d/b/a SAN REMO; SUTTON          §
HEALTH CARE CENTER LTD.            §
CO. d/b/a PRAIRIE ESTATES and      §
FM 1382 HEALTH CARE CENTER       §
LTD. CO. d/b/a CRESTVIEW              §
COURT,                                              §
                                                           §
                Defendants.          §

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW Plaintiff Tonya Wallace (referred to as "Plaintiff" or "Wallace") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendants Cantex Continuing Care Network, LLC ("Cantex"); Alvin Health Care Center Ltd. Co. d/b/a Laurel Court ("Laurel Court"); Sorrento Continuing Care Center Ltd. Co. d/b/a Sorrento ("Sorrento"); Westover Continuing Care Center Ltd. Co. d/b/a Windemere At Westover Hills ("Windemere"); Livingston Health Care Center Ltd. Co. d/b/a The Bradford At Brookside ("The Bradford"); Fort Bend Continuing Care Center Ltd. Co. d/b/a Fort Bend Healthcare Center ("Fort Bend"); Belmont Care Center Ltd. Co. d/b/a The Belmont at Twin Creeks ("Belmont");

Denison Health Care Center Ltd. Co. d/b/a Beacon Hill ("Beacon Hill"); Bel Air Continuing Care Center Ltd. Co. d/b/a Bel Air at Teravista ("Bel Air at Teravista"); Broadmoor Continuing Care Center Ltd. Co. d/b/a The Broadmoor At Creekside Park ("Broadmoor"); Coronado Care Center Ltd. Co. d/b/a Coronado At Stone Oak ("Coronado"); Hollymead Continuing Care Center Ltd. Co. d/b/a Hollymead ("Hollymead"); Carlyle Health Center Ltd. Co. d/b/a Carlyle At Stonebridge Park ("Carlyle"); Stoneleigh Health Care Center Ltd. Co. d/b/a Larkspur ("Larkspur"); Colonnades Health Care Center Ltd. d/b/a The Colonnades At Reflection Bay ("The Colonnades"); Woodville Health Care Center Ltd. Co. d/b/a Woodville Health and Rehabilitation Center ("Woodville"); Gainesville Health Care Center Ltd. Co. d/b/a Renaissance Care Center ("Renaissance"); Mathis Health Care Center Ltd. Co. d/b/a Palma Real ("Palma Real"); Seago Health Care Center Ltd. Co. d/b/a The Manor At Seagoville ("The Manor at Seagoville"); Ashford Health Care Center Ltd. Co. d/b/a Ashford Gardens ("Ashford Gardens"); Oakwood Health Care Center Ltd. Co. d/b/a Oakwood Manor Nursing Home ("Oakwood"); Villa Health Care Center Ltd. Co. d/b/a The Villa At Mountain View ("The Villa"); Silsbee Health Care Center Ltd. Co. d/b/a Silsbee Convalescent Center ("Silsbee"); Windsor Place Health Care Center Ltd. Co. d/b/a Windsor Gardens ("Windsor Gardens"); Carrollton Health Care Center Ltd. Co. d/b/a The Madison On Marsh ("The Madison"); Cresthaven Health Care Center Ltd. Co. d/b/a Magnolia Manor ("Magnolia Manor"); FW Senior Community Ltd. Co. d/b/a The Harrison At Heritage ("The Harrison"); Crescent Continuing Care Center Ltd. Co. d/b/a The Crescent ("The Crescent");

Solera Transitional Health Care Ltd. Co. d/b/a Solara At West Houston ("Solera");

SR Senior Community Ltd. Co. d/b/a San Remo ("San Remo"); Sutton Health Care

Center Ltd. Co. d/b/a Prairie Estates ("Prairie Estates") and FM 1382 Health Care

Center Ltd. Co. d/b/a Crestview Court ("Crestview").[1]   In support thereof, she

would respectfully show the Court as follows:

## I.  Nature of Suit

1.    Wallace's claims arise under the Fair Labor Standards Act of 1938,

29 U.S.C. §§ 201-219 ("FLSA").

2.    The FLSA was enacted to eliminate "labor conditions detrimental to

the maintenance of the minimum standard of living necessary for health, efficiency

and general well-being of workers … ."   29 U.S.C. § 202(a).   To achieve its

humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime

pay, minimum wage, and recordkeeping requirements for covered employers.   29

U.S.C. §§ 206(a), 207(a), 211(c).

3.    Cantex violated the FLSA by employing Wallace and other similarly

situated nonexempt employees "for a workweek longer than forty hours [but

refusing to compensate them] for [their] employment in excess of [forty] hours …

at a rate not less than one and one-half times the regular rate at which [they are or

were] employed."   29 U.S.C. § 207(a)(1).

---

[1] The defendants are sometimes collectively referred to as "Defendants" or "Cantex."

4.    Cantex violated the FLSA by failing to maintain accurate time and pay records for Wallace and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.    Wallace brings this collective action under 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6.    The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.    Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Cantex resides in the Galveston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Wallace's claims occurred in the Galveston Division of the Southern District of Texas.

## III. Parties

8.    Tonya Wallace is an individual who resides in Harris County, Texas and who was employed by Cantex during the last three years.

9.    Cantex Continuing Care Network, LLC is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Cantex cannot with reasonable diligence be found at the company's registered office, Cantex may be served with process by serving the

Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10.     Alvin Health Care Center Ltd. Co. d/b/a Laurel Court is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Laurel Court cannot with reasonable diligence be found at the company's registered office, Laurel Court may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

11.     Sorrento Continuing Care Center Ltd. Co. d/b/a Sorrento is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Sorrento cannot with reasonable diligence be found at the company's registered office, Sorrento may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

12.     Westover Continuing Care Center Ltd. Co. d/b/a Windemere At Westover Hills is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Windemere cannot with reasonable diligence be found at the company's registered office, Windemere

may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

13.    Livingston Health Care Center Ltd. Co. d/b/a The Bradford at Brookside is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of The Bradford cannot with reasonable diligence be found at the company's registered office, The Bradford may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

14.    Fort Bend Continuing Care Center Ltd. Co. d/b/a Fort Bend Healthcare Center is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Fort Bend cannot with reasonable diligence be found at the company's registered office, Fort Bend may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

15.    Belmont Care Center Ltd. Co. d/b/a The Belmont At Twin Creeks is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Belmont cannot with reasonable diligence be found at the company's registered office, Belmont may be served with

process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

16.    Denison Health Care Center Ltd. Co. d/b/a Beacon Hill is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Beacon Hill cannot with reasonable diligence be found at the company's registered office, Beacon Hill may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

17.    Bel Air Continuing Care Center Ltd. Co. d/b/a Bel Air At Teravista is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Bel Air At Teravista cannot with reasonable diligence be found at the company's registered office, Bel Air At Teravista may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

18.    Broadmoor Continuing Care Center Ltd. Co. d/b/a The Broadmoor At Creekside Park is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Broadmoor cannot with reasonable diligence be found at the company's registered office, Broadmoor

may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

19.     Coronado Continuing Care Center Ltd. Co. d/b/a Coronado At Stone Oak is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Coronado cannot with reasonable diligence be found at the company's registered office, Coronado may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

20.     Hollymead Continuing Care Center Ltd. Co. d/b/a Hollymead is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Hollymead cannot with reasonable diligence be found at the company's registered office, Hollymead may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

21.     Carlyle Health Care Center Ltd. Co. d/b/a The Carlyle At Stonebridge Park is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Carlyle cannot with reasonable diligence be found at the company's registered office, Carlyle may be served with

process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

22.     Stoneleigh Health Care Center Ltd. Co. d/b/a Larkspur is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Larkspur cannot with reasonable diligence be found at the company's registered office, Larkspur may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

23.     Colonnades Health Care Center Ltd. Co. d/b/a The Colonnades At Reflection Bay is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of The Colonnades cannot with reasonable diligence be found at the company's registered office, The Colonnades may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

24.     Woodville Health Care Center Ltd. Co. d/b/a Woodville Health and Rehabilitation Center is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Woodville cannot with reasonable diligence be found at the company's registered office, Woodville

may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

25. Gainesville Health Care Center Ltd. Co. d/b/a Renaissance Care Center is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Renaissance cannot with reasonable diligence be found at the company's registered office, Renaissance may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

26. Mathis Health Care Center Ltd. Co. d/b/a Palma Real is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Palma Real cannot with reasonable diligence be found at the company's registered office, Palma Real may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

27. Seago Health Care Center Ltd. Co. d/b/a The Manor at Seagoville is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of The Manor at Seagoville cannot with reasonable diligence be found at the company's registered office, The Manor at

Seagoville may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

28.    Ashford Health Care Center Ltd. Co. d/b/a Ashford Gardens is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered of Ashford Gardens cannot with reasonable diligence be found at the company's registered office, Ashford Gardens may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

29.    Oakwood Health Care Center Ltd. d/b/a Oakwood Manor Nursing Home is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Oakwood cannot with reasonable diligence be found at the company's registered office, Oakwood may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

30.    Villa Health Care Center Ltd. Co. d/b/a The Villa at Mountain View is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of The Villa cannot with reasonable diligence be found at the company's registered office, The Villa may be served with

process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

31.     Silsbee Health Care Center Ltd. Co. d/b/a Silsbee Convalescent Center is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Silsbee cannot with reasonable diligence be found at the company's registered office, Silsbee may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

32.     Windsor Place Health Care Center Ltd. Co. d/b/a Windsor Gardens is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Windsor Gardens cannot with reasonable diligence be found at the company's registered office, Windsor Gardens may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

33.     Carrollton Health Care Center Ltd. Co. d/b/a The Madison on Marsh is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of The Madison cannot with reasonable diligence be found at the company's registered office, The Madison may be served

with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

34.     Cresthaven Health Care Center Ltd. Co. d/b/a Magnolia Manor is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Magnolia Manor cannot with reasonable diligence be found at the company's registered office, Magnolia Manor may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

35.     FW Senior Community Ltd. Co. d/b/a The Harrison at Heritage is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of The Harrison cannot with reasonable diligence be found at the company's registered office, The Harrison may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

36.     Crescent Continuing Care Center Ltd. Co. d/b/a The Crescent is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen, Esq. at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of The Crescent cannot with reasonable diligence be found at the company's registered office, The Crescent may be served

with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

37.    Solera Transitional Health Care Ltd. Co. d/b/a Solera at West Houston is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Solera cannot with reasonable diligence be found at the company's registered office, Solera may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

38.    SR Senior Community Ltd. Co. d/b/a San Remo is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of San Remo cannot with reasonable diligence be found at the company's registered office, San Remo may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

39.    Sutton Health Care Center Ltd. Co. d/b/a Prairie Estates is a Texas limited liability company that may be served with process by serving its registered agent, David Eriksen at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Prairie Estates cannot with reasonable diligence be found at the company's registered office, Prairie Estates may be served

with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

40.     FM 1382 Health Care Center Ltd. Co. d/b/a Crestview Court is a Texas limited liability company that may be served with process by serving its registered agent, Mary Arriaga, at 2537 Golden Bear Drive, Carrollton, Texas 75006. Alternatively, if the registered agent of Crestview Court cannot with reasonable diligence be found at the company's registered office, Crestview Court may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

41.     Whenever it is alleged that Cantex committed any act or omission, it is meant that Cantex's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Cantex or was done in the routine and normal course and scope of employment of Cantex's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

42.     Cantex owns a network of nursing facilities, pharmacies, and in-house therapeutic rehabilitation centers that provide nursing, home health, and hospice services; it does business in the territorial jurisdiction of this Court.

43.     Cantex's facilities are chronically understaffed.

44.     Laurel Court in Alvin, Texas, is one such facility.

45.     Cantex employed Wallace as a licensed vocational nurse (or "LVN") from August 2016 through November 2016; she was assigned to work at Laurel Court.

46.     During Wallace's employment with Cantex, she was engaged in commerce or the production of goods for commerce.

47.     During Wallace's employment with Cantex, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

48.     Cantex paid Wallace on an hourly basis.

49.     During Wallace's employment with Cantex, she regularly worked in excess of forty hours per week.

50.     Cantex knew or reasonably should have known that Wallace worked in excess of forty hours per week.

51.     However, Cantex did not pay Wallace overtime "at a rate not less than one and one-half times the regular rate at which she [was] employed."  29 U.S.C. § 207(a)(1).

52.     Instead, Cantex automatically deducted 30-minute meal breaks from the time Wallace reported working, even though she was not actually able to take a meal break.

53.     Cantex also frequently required Wallace to stay late (e.g., to complete her rounds and for shift change briefings) but refused to pay her for any work past the end of her scheduled shift.

54.     In other words, Cantex refused to pay Wallace for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., it required Wallace to work "off-the-clock").

55.     After Wallace realized that her paychecks were short, she confronted Cantex's local human resources representative about the underpayments.

56.     The local human resources representative told Wallace that she was ordered by Cantex's corporate headquarters to manually deduct 30-minutes each day from every hourly worker's paycheck for meals regardless of whether the employees actually took a meal break.

57.     Wallace responded that she rarely took a meal break and that, if she did, she clocked out in accordance with company policy; in short, Wallace told the human resources representative that if she was clocked in, she was working and deserved to be paid.

58.     Not long after that conversation, Wallace was terminated for complaining about the shortages in her paycheck.

59.     By requiring Wallace to work off-the-clock, Cantex paid her overtime at a rate less than one and one-half times the regular rate at which she was employed in violation of the maximum hour provisions of the FLSA.  29 U.S.C. § 207(a)(1).

60.     By terminating Wallace for complaining about not being paid for all hours worked, Cantex violated the anti-retaliation provisions of the FLSA.   29 U.S.C. § 215(a)(3)

61.     Cantex knew or reasonably should have known that Wallace was not exempt from the overtime provisions of the FLSA.

62.     Cantex failed to maintain accurate time and pay records for Wallace as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

63.     Cantex knew or showed a reckless disregard for whether its pay practices violated the FLSA.

64.     Cantex is liable to Wallace for her unpaid overtime wages, lost wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

65.     All hourly workers employed by Cantex are similarly situated to Wallace because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Cantex pursuant to 29 U.S.C. § 216(b).

### V.  Count One— ### Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

66.     Wallace adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

67.     During Wallace's employment with Cantex, she was a nonexempt employee.

68.     As a nonexempt employee, Cantex was legally obligated to pay Wallace "at a rate not less than one and one-half times the regular rate at which she [was] employed[]" for the hours that she worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

69.     Cantex did not pay Wallace overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week.

70.     Instead, Cantex automatically deducted 30-minute meal breaks from the time Wallace reported working, even though she was not actually able to take a meal break.

71.     Cantex also frequently required Wallace to stay late (e.g., to complete her rounds and for shift change briefings) but refused to pay her for any work past the end of her scheduled shift

72.     As a result of these failures, Cantex did not pay Wallace overtime "at a rate not less than one and one-half times the regular rate at which [she was] employed." 29 U.S.C. § 207(a)(1).

73.     If Cantex classified Wallace as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

74.     Cantex knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.  In other words, Cantex willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—
## Failure To Maintain Accurate Records
## in Violation of 29 U.S.C. § 211(c)

75.     Wallace adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

76.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

77.     In addition to the pay violations of the FLSA described above, Cantex also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—Collective Action Allegations

78.     Wallace adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

79.     On information and belief, other hourly workers have been victimized by Cantex's violations of the FLSA identified above.

80.     These hourly workers are similarly situated to Wallace because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

81.     Cantex's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

82.     Since, on information and belief, Wallace's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

83.     All hourly workers employed by Cantex, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.   Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.   The Class is therefore properly defined as:

> All hourly workers employed by Cantex during the last three years whose hours worked were reduced by automatic deductions for meal breaks and/or who were required to work past the end of their shifts without pay.

84.     Cantex is liable to Wallace and the other hourly workers for the difference between what they actually paid them and what they were legally obligated to pay them.

85.     Because Cantex knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, Cantex owes Wallace and the other hourly workers their unpaid overtime wages for at least the last three years.

86.     Cantex is liable to Wallace and all other hourly workers in an amount equal to their unpaid overtime wages as liquidated damages.

87.     Cantex is liable to Wallace and all other hourly workers, for their reasonable attorneys' fees and costs.

88.     Wallace has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## VIII.  Count Four—
## FLSA Retaliation in Violation of 29 U.S.C. § 215(a)(3)

89.     Wallace adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

90.     Cantex terminated Wallace because she complained about not being paid for all hours worked.

91.     By doing so, Cantex violated the anti-retaliation provisions of the FLSA.  29 U.S.C. § 215(a)(3).

92.     Accordingly, Cantex is liable to Wallace for her lost wages, liquidated damages in amount equal to her lost wages, front pay in lieu of reinstatement, and attorney's fees and costs.  29 U.S.C. § 216(b).

## IX.  Jury Demand

93.     Wallace demands a trial by jury.

## X.  Prayer

94.     Wallace prays for the following relief:

a.  an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b.  judgment awarding Wallace and the other hourly workers all unpaid overtime compensation, lost wages, liquidated damages, front pay in lieu of reinstatement, attorneys' fees and costs;

c.  prejudgment interest at the applicable rate;

d.  postjudgment interest at the applicable rate;

e.  incentive awards for any class representative(s); and

f.  all such other and further relief to which Wallace and the other hourly workers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF TONYA WALLACE**

- 25 -